**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**LEGAL ALTERNATIVES, INC., Respondent.**

**No. 90–SC–72–KB.**

Supreme Court of Kentucky.

June 28, 1990.

Bruce K. Davis, Executive Director, Scott D. Majors, Assistant Bar Counsel, Kentucky Bar Ass'n, Frankfort, for movant.

## OPINION AND ORDER

An unauthorized practice complaint was filed with the KBA by an attorney against Legal Alternatives, Inc., of Portland, Oregon, after noticing this advertisement in the Thrifty Nickel:

Bankruptcy $95. Stops garnishments, law suits and bill collectors. Complete preparation of all legal documents. Thousands successfully filed. Paralegals. 1–800–444–7435, NK 41.

The complainant responded to the ad, spoke with someone that identified that he was not an attorney, and was sent various bankruptcy forms.

Pursuant to SCR 3.530(1), the unauthorized practice complaint was transmitted to the Committee on Unauthorized Practice for an advisory opinion. The Chairman of the committee, Richard Underwood, issued an opinion advising that it appeared that the service offered by Legal Alternatives would constitute the unauthorized practice of law. Although disclaimers were contained on the literature of the group, Professor Underwood noted that the group was collecting information from clients and preparing appropriate legal documents for filing in exchange for a fee. As pointed out in the advisory opinion, "[g]enerally courts have concluded that if a divorce or probate kit is accompanied with personal contacts or advice on how to proceed or how to fill in the prescribed forms, the practice of law exists, and is not permitted." Also, under SCR 3.700 a paralegal's authority to provide services is derivative of the supervising attorney's authority and license.

Based upon this advisory opinion, a letter of inquiry was forwarded to Legal Alternatives informing them of the issued complaint and requesting further information, specifically, requesting the name of the supervising attorney and a statement from the attorney that he/she was in fact licensed and supervising the preparation of documents. This letter was sent pursuant to SCR 3.460(1). There was no response.

The KBA then issued a "cease and desist" letter. Again, Legal Alternatives made no response.

The KBA received a second unauthorized practice complaint against Legal Alternatives. Apparently the respondent continued to practice law in Kentucky after the cease and desist letter was sent.

On motion of the KBA, we ordered Legal Alternatives to file its response to the motion and to show cause why it should not be held in contempt of this Court for the unauthorized practice of law in Kentucky. The order was entered February 8, 1990, and Legal Alternatives was given until February 28th to respond. This order was sent to respondent by certified mail and was delivered on February 12, 1990, as evidenced by the postman's initials appearing on the domestic return receipt. No response has been filed.

The respondent has been afforded the utmost in Due Process protections. Upon first receiving a complaint against respondent, "the Director shall have the authority to cause such investigation to be made concerning the matter as he deems appropriate." SCR 3.460(1). An investigative letter was sent to respondent and no explanation was returned.

"If the Director determines that any person or entity has been engaged in the unauthorized practice of law, the Director shall send a letter or warning by certified mail, return receipt requested, to the person's or entity's last known address, requesting that the unauthorized practice of law be discontinued." SCR 3.460(1). After the warning letter remained unanswered, a cease and desist letter was sent by the KBA to respondent.

"If future violations occur and in the opinion of the Board action should be taken, it shall direct that a motion in the name of the Association for a show cause rule be filed with the Clerk. The Clerk shall docket the motion and issue a rule against the alleged offender to show cause why he should not be held in contempt for unauthorized practice of law." SCR 3.460(1). Upon receiving additional documentary evidence from United States Bankruptcy Judge David T. Stosburg that respondent had not ceased and desisted but was in fact continuing to practice, the order to show cause was issued by this Court. The show cause order was completely ignored by respondent.

Respondent has failed to explain its actions after numerous requests. Therefore, SCR 3.460(2) provides, "[i]f the respondent fails to file due response on the rule's return day ... the rule shall forthwith be made absolute, and the court shall enter such orders as it deems appropriate to deter and punish, which may include injunctive relief."

Respondent is hereby ordered to cease and desist in the unauthorized practice of law in the state of Kentucky and is further ordered to pay a fine in the amount of $5,000.00, and the costs of these proceedings.

STEPHENS, C.J., and COMBS, GANT, LAMBERT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., not sitting.

/s/Robert F. Stephens
Chief Justice